Filed 7/31/24  P. v. Sparpanic CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C099313 |
| Plaintiff and Respondent, | (Super. Ct. No. F19000396) |
| v. | |
| CHRISTOPHER MICHAEL SPARPANIC, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher Michael Sparpanic filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

BACKGROUND

In May 2019, defendant lured T.H., then unhoused, into his truck with the promise of a job trimming marijuana for $60.  He drove T.H. to an isolated area and raped her.  After he raped her, T.H. got back in the truck and, while driving her to another location, defendant forced his finger inside her vagina.  He then parked the truck and raped her again.

Following the second attack, T.H. asked defendant to drive her to a store where she knew there would be a camera.  Defendant did so, and gave her $60.  The next morning, T.H. reported the assault to the police.

In July 2019, defendant approached T., who was sleeping under a bridge in Nevada City, and invited her to smoke marijuana with him.  She accepted his invitation and got into his truck.  Defendant drove T. to an isolated area and directed her to walk about 100 feet off the road into the woods.  Defendant raped her vaginally and then forcibly sodomized her.  After being picked up by law enforcement for missing an appointment with her probation officer, T. reported the assault.

In August 2019, defendant approached A. at a local bus stop.  A. told defendant she was riding her bicycle to Kmart, and he offered her a ride in his truck, which she accepted.  He drove her to an isolated location and raped her inside the car.  He then twice forced his penis into her mouth and ejaculated.

After driving further, defendant stopped the truck and told A. to get out; he forced her to lie on the ground where he raped her again.  He threatened to kill her and forcibly sodomized her.  A. cried in pain and repeatedly begged him to stop.  He ran away.  She walked until a good Samaritan picked her up and took her to the police station, where she reported the assault.

Following an investigation, defendant was arrested, and was charged with 14 felonies including kidnapping to commit another crime (Pen. Code, § 209, subd. (b)(1)), forcible rape (*id*., § 261, subd. (a)(2)), forcible sodomy (*id*., § 286, subd. (c)(2)(A)),

2

forcible oral copulation (*id*., § 287, subd. (c)(2)(A)), and penetration with a foreign object (*id*., § 289, subd. (a)(1)(A)).  The People also alleged three sex crime enhancements, which they appended to various charges.

Defendant pled no contest to the forcible rape of T.H. (count III), penetration of T.H with a foreign object (count VI), forcible rape of T. (count VIII), forcible sodomy of T. (count IX), forcible rape of A. (count X), and forcible oral copulation of A. (count XII).  The parties stipulated to a term of 36 years in state prison.

The trial court sentenced defendant in accordance with the negotiated plea agreement.  The court granted the People's motion to dismiss the remaining charges and allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.  The court awarded defendant 1,529 days of custody credit and ordered him to pay a total of $5,122.50 in fines and fees.  The court explained defendant "would have the ability to pay" during his incarceration and advised defendant that he would be required to register as a sex offender for life, he would serve 10 years on parole after he was released from prison, and he was subject to a new criminal protective order.

Defendant timely appealed; the trial court issued a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the record pursuant to *Wende*, we find no arguable errors that are favorable to defendant.  Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

/s/

Duarte, Acting P. J.

We concur:

/s/

Krause, J.

/s/

Mesiwala, J.

4